

FILED

DEC 1 8 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AUSTIN DICKER, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

vs.

TUSIMPLE HOLDINGS, INC., et al.,

Defendants.

Case No. 3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-00282-BEN-MSB)

CLASS ACTION

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated September 4, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated August 22, 2024 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   This Judgment incorporates by reference the Stipulation as if fully set forth herein, including without limitation the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.   This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.   Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased and/or otherwise acquired TuSimple securities between April 15, 2021 and December 20, 2022, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants and members of their immediate families; (ii) current and former officers and directors of TuSimple and members of their immediate families; (iii) any entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (iv) TuSimple's subsidiaries and affiliates or other entities owned or controlled by it; and (v) the legal representatives, heirs, successors, or assigns of each Defendant.

4.   Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requested

exclusion in accordance with the requirements set by the Court, of which there are none.

5.    The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Indiana Public Retirement System, Robert Miller, and Michelle Poirier are certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP and Kahn Swick & Foti, LLC are certified as Class Counsel.

7.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel, with the assistance of the Hon. Layn R. Phillips of Phillips ADR Enterprises; and

(d)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

10.    Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.  The liability of each Released Defendant Party as to any and all Released Claims is fully, finally, and completely extinguished for purposes of 15 U.S.C. §78u-4(f)(7)(A)(ii).

11.    Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever and permanently barred and enjoined from filing, commencing,

- 3 -

1 | instituting, asserting, maintaining, enforcing, prosecuting, intervening in, or
2 | continuing to prosecute any action or other proceeding in any forum (including, but
3 | not limited to, any foreign, federal, state or local court of law or equity, arbitration
4 | tribunal, or administrative forum), asserting any of the Released Claims against any
5 | of the Released Defendant Parties, regardless of whether such Settlement Class
6 | Member executes and delivers a Proof of Claim and Release form.

7 | 12. Upon the Effective Date, and as provided in the Stipulation, each of the
8 | Released Defendant Parties shall be deemed to have, and by operation of this
9 | Judgment shall have, fully, finally, and forever released, relinquished, and
10 | discharged all Released Defendants' Claims (including Unknown Claims) against
11 | Plaintiffs, the Settlement Class, and Plaintiffs' Counsel. Claims to enforce the terms
12 | of the Stipulation are not released.

13 | 13. The notice of the pendency and proposed Settlement of the Litigation
14 | given to the Settlement Class was the best notice practicable under the
15 | circumstances, including the individual notice to all Members of the Settlement
16 | Class who could be identified through reasonable effort. Said notice provided the
17 | best notice practicable under the circumstances of those proceedings and of the
18 | matters set forth therein, including the proposed Settlement set forth in the
19 | Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the
20 | requirements of Federal Rule of Civil Procedure 23 and the requirements of due
21 | process. No Settlement Class Member is relieved from the terms of the Settlement,
22 | including the releases provided for therein, based upon the contention or proof that
23 | such Settlement Class Member failed to receive actual or adequate notice. A full
24 | opportunity has been offered to the Settlement Class Members to object to the
25 | proposed Settlement and to participate in the hearing thereon. The Court further
26 | finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715,
27 | were fully discharged and that the statutory waiting period has elapsed. Thus, the

28 |

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

1  Court hereby determines that all Settlement Class Members are bound by this
2  Judgment.

3    14.    The Escrow Agent shall maintain the Settlement Fund in accordance
4  with the requirements set forth in the Stipulation.  No Released Defendant Party shall
5  have any role in, responsibility for, interest in, liability, or obligation whatsoever for
6  the administration of the Settlement or disbursement of the Net Settlement Fund.

7    15.    Separate orders shall be entered regarding the proposed Plan of
8  Allocation and Class Counsel's motion for an award of attorneys' fees and expenses
9  and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  Such orders shall in no
10  way disturb or affect the finality of this Judgment, shall be considered separate from
11  this Judgment, and shall not affect or delay the Effective Date of the Settlement.

12    16.    Neither the Stipulation nor the Settlement contained therein, nor any
13  act performed or document executed pursuant to or in furtherance of the Stipulation
14  or the Settlement: (a) is, or may be deemed to be, or may be used as an admission
15  of, or evidence of, the validity of any Released Claim, or of any wrongdoing or
16  liability of the Defendants or Defendants' Released Persons, or (b) is, or shall be
17  deemed to be, or shall be used as an admission of any fault or omission of any
18  Released Defendant Party in any statement, release, or written documents issued,
19  filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of,
20  or evidence of, any fault or omission of any of the Defendants or Defendants'
21  Released Persons in any civil, criminal, or administrative proceeding in any court,
22  administrative agency, or other tribunal.  The Defendants and/or their respective
23  Released Persons may file the Stipulation and/or this Judgment from this Litigation
24  in any other action that may be brought against them in order to support a defense
25  or counterclaim based on principles of *res judicata*, collateral estoppel, release, good
26  faith settlement, judgment bar or reduction, or any theory of claim preclusion or
27  issue preclusion or similar defense or counterclaim.

28

- 5 -

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

17.     The Court finds that TuSimple and Defendants' insurance carriers have satisfied their financial obligations under the Stipulation by paying or causing to be paid $189 million to the Settlement Fund, in accordance with ¶2.2 of the Stipulation.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, interest and §78u-4(a)(4) awards in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of July 8, 2024, as provided in the Stipulation.

21.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

3:22-cv-01300-BEN-MSB
(Consolidated with No. 3:23-cv-
00282-BEN-MSB)

22.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 12/18/2024

THE HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE